IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CARINA A. KLEMMING, a
Citizen of the Kingdom of Sweden,

CASE NO.:

Plaintiff,

vs.

AMERICAN OFFSHORE ENTERPRISES, INC.,
a Florida Corporation; and, ANDREW C. KNIFFIN
a/k/a ANDY KNIFFIN,

Defendants.
_____/

## COMPLAINT

Plaintiff CARINA A. KLEMMING ("KLEMMING") sues Defendants AMERICAN OFFSHORE ENTERPRISES, INC. ("AOE"), a Florida Corporation, and ANDREW C. KNIFFIN a/k/a ANDY KNIFFIN ("KNIFFIN"), and alleges as follows:

### NATURE OF THE CASE

1. Plaintiff sues Defendant AOE and its principal, KNIFFIN, for aiding-and-abetting her former husband in fraudulently converting and absconding with her share of sale proceeds of a yacht. Plaintiff seeks damages in a principle amount in excess of $220,000, together with interest, and punitive damages.

### PARTIES

2. Plaintiff KLEMMING is *sui juris* and a citizen of the Kingdom of Sweden.

3. Defendant AOE is, upon information and belief, a duly organized and existing corporation under the laws of the State of Florida with its principal and sole place of business

Alderman & Kodsi
9999 Ne 2nd Ave, Suite 211 • Miami Shores, Fl 33138 • ph. 305.200.5473 • fax. 305.200.5474

located at 13711 Roanoke Street, Davie Beach, Florida. AOE is a "citizen" of Florida for purposes of determining subject matter jurisdiction.

4. Defendant KNIFFIN is *sui juris* and a resident of the State of Florida.

## JURISIDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(2) in that this is an action for damages in excess of $75,000 and there exists complete diversity of citizenship between the parties.

6. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391(a)(1) and (2) in that KLEMMING's causes of action alleged herein accrued exclusively within said district; and, all defendants reside within said district.

## GENERAL ALLEGATIONS

### THE MARRIAGE AND YACHT

7. In June 1, 1991 KLEMMING married Dennis L. Klemming ("Former Husband") in Stockholm, Sweden.

8. During the course of the marriage, Former Husband purchased that certain 58', 2002 Barton-McGill Cruiser bearing serial number 5802, Port of Registry Stockholm Sweden known as "M/Y NORDICT SPIRIT" ("the Yacht").

9. In 2006, KLEMMING and Former Husband divorced in the Miami-Dade County, Florida proceedings styled: *In Re: The Marriage of Dennis L. Klemming*, Case No. 06-34784 FC 38.

10. On October 17, 2007, KLEMMING and Former Husband entered into a Marital Settlement Agreement. The agreement was ratified by the Court in the divorce proceedings and incorporated into a Final Judgment of dissolution of Marriage dated October 24, 2007.

11. On November 14, 2008, KLEMMING and Former Husband entered into an Agreed Modification Agreement, modifying the Marital Settlement Agreement. The Marital Settlement Agreement, as modified by the Agreed Modification Agreement, shall collectively be referred to as "the MSA." A true and correct copy of the MSA is attached hereto as Exhibit A.

12. The MSA required Former Husband to sell the Yacht and to pay KLEMMING at least 90% of the sale proceeds. Specifically, Section V of the Agreed Modification Agreement states:

> At the time of signing of this Agreement the parties acknowledge that the Former Husband owes [KLEMMING] a substantial sum of money for the equitable distribution of the parties' marital estate as delineated in the parties' October 17, 2007 Marital Settlement Agreement. . .[and] Former Husband shall sell the following assets: 1) his yacht named Nordic Spirit . . . [and] . . . Former Husband shall pay his indebtedness first to [KLEMMING], with the Former Husband using no less than 90% of the sale proceeds of [the Yacht].

13. After the execution of the Agreed Modification Agreement, Former Husband engaged Defendant AOE to list the Yacht for sale. At all times material hereto, AOE was and is a licensed yacht broker pursuant to Florida Statutes § 326.001, *et. seq.*

14. At all times material hereto, KNIFFIN is and was the sole owner, officer, director, representative, agent, and employee of AOE and acted within his scope of his agency and/or employment and/or representation of AOE. AOE is vicariously liable for all actions and inactions on the part of KNIFFIN.

Alderman & Kodsi
9999 Ne 2nd Ave, Suite 211 ● Miami Shores, Fl 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

15. On or about October 5, 2009, and in order to protect her interest in the sale proceeds of the Yacht, KLEMMING filed a Notice of Lis Pendens against the Yacht and recorded same in the public records for Miami-Dade County, Florida. A copy of the Lis Pendens is attached as Exhibit B.

## THE SALE OF THE YACHT

16. On or about October 26, 2009, Former Husband entered into a Purchase and Sales Agreement with Marta Pulido ("Pulido") for the sale of the Yacht. A copy of this agreement is attached hereto as Exhibit C. The agreement called for closing on November 27, 2009.

17. During the month of October and throughout November, KLEMMING had numerous telephone communications with KNIFFIN. During these communications, KLEMMING notified KNIFFIN of the relevant provisions of the MSA, that she claimed a beneficial ownership interest in the Yacht, and that she was entitled to atleast 90% of the the sale proceeds.

18. On November 12, 2009, KLEMMING, through her attorneys, filed in the divorce proceedings Former Wife's verified Motion to Appoint Her Attorney-in-Fact for Sale of Former Husband's yacht and Motion to Compel Compliance with Agreed Modification Agreement Dated November 14, 2008 and for Indirect Civil Contempt ("Motion to Compel"). A copy of the Motion to Compel is attached as Exhibit C.

19. On or about November 17, 2009, prior to closing, Former Husband instructed AOE and KNIFFIN to wire the sale proceeds as follows: $310,000 to Former Husband's Citibank checking account; and, $41,000 to a non-party Marc Rothfeld, a friend and business acquaintance of Former Husband.

20. On or about November 17, 2009, prior to closing, KLEMMING's attorney in the divorce proceedings Richard J. Preira notified AOE and KNIFFIN over the phone of the following: KLEMMING claimed a beneficial interest in the Yacht; KLEMMING was entitled to at least 90% of the sale proceeds of the Yacht; that Former Husband would abscond with her share of the sale proceeds; instructed AOE and KNIFFIN to not disburse any sale proceeds to Former Husband; and, that he filed the Motion to Compel and was in the process of obtaining relief in the divorce proceedings to freeze or take control over any sale proceeds.

21. On November 19, 2009, the sale of the Yacht closed and Pulido wired $390,000 ("the Sale Proceeds") to the escrow account of AOE, said sum representing the sale proceeds of the Yacht.

## FORMER HUSBAND AND DEFENDANTS' WRONGFUL CONDUCT

22. On November 19, 2009, AOE, through KNIFFIN, issued a Seller's Closing Statement for the closing identifying the disbursal of the sale proceeds. A true and correct copy of the Seller's Closing Statement is attached hereto as Exhibit D.

23. On November, 19, 2009, AOE, through KNIFFIN, disbursed by way of wire the Sale Proceeds as follows: $310,000 to Former Husband; $41,000 to Marc Rhothfeldt; and, $39,000 to AOE as a commission. Said disbursal was over the objection of and directly contrary to KLEMMING and her lawyer's instructions.

24. Marc Rhothfeldt never possessed any interest in the Yacht and/or any right, title, claim, and/or interest in any of the Sale Proceeds.

25. Former Husband never communicated to AOE or KNIFFIN any reason for the disbursal of any portion of the Sale Proceeds to Marc Rhothfeldt.

26. Former Husband failed to remit to KLEMMING any of the sale proceeds. Instead, he used it to pay off credit cards, lavish gifts for his then new wife, and other purchases.

27. Pursuant to the MSA, Former Husband owed KLEMMING a fiduciary duty and that of a trustee to liquidate the Yacht and account for and transfer the Sale Proceeds to KLEMMING.

28. Upon closing of the sale of the Yacht, title to the Sale Proceeds held in AOE's escrow account vested in KLEMMING as the equitable owner of said funds.

29. Former Husband's instructions to AOE and KNIFFIN to disburse the funds constituted a breach of the MSA and breach of his fiduciary duty owed to KLEMMING.

30. AOE and KNIFFIN's disbursal of the Sale Proceeds in accordance with Former Husband's instructions and over the objection and instructions of KLEMMING constituted an unauthorized and unlawful exercising of wrongful dominion and control over KLEMMING's property, to-wit, the Sale Proceeds.

31. AOE and KNIFFIN's disbursal aided-and-abetted, facilitated, and substantially assisted Former Husband's breach of fiduciary duty and conversion of the Sale Proceeds to the detriment of KLEMMING. Had AOE and KNIFFIN reframed from disbursing the Sale Proceeds and instead held same as instructed by KLEMMING's lawyer, Former Husband could not have converted and absconded with same.

32. At all times material hereto, AOE and KNIFFIN had actual, implied actual and constructive knowledge concerning Former Husband's intention and plan to convert all or part of the Sale Proceeds thereby depriving KLEMMING from the benefit of same.

33.　At all times material hereto, AOE and KNIFFIN acted willfully and/or with callus disregard concerning KLEMMING and her right and claim to the Sale Proceeds.

34.　As a direct and proximate result of AOE and KNIFFIN's actions and inactions, KLEMMING has been damaged. Her damages include, but are not limited to, the following:

    a.　The Sale Proceeds;

    b.　Lost use and benefit of the Sale Proceeds; and,

    c.　Attorneys' Fees incurred in connection with recouping portions of the Sale Proceeds pursuant to the wrongful act doctrine.

35.　All conditions precedent to the bringing of this lawsuit have occurred, been excused, or otherwise waived.

### -COUNT I-
### AIDING-AND-ABETTING BREACH OF FIDUCIARY DUTY

Plaintiff KLEMMING sues Defendants AOE and KNIFFIN and states:

36.　KLEMMING re-alleges and incorporates paragraphs 1 through 35 as though fully set forth herein.

37.　This is an action against AOE and KNIFFIN for aiding-and-abetting Former Husband's breaches of fiduciary duties.

38.　Former Husband, as more fully set forth above, owed KLEMMING fiduciary duties.

39.　Former Husband, as more fully set forth above, breached the fiduciary duties he owed to KLEMMING.

40.　AOE and KNIFFIN aided and abetted Former Husband's breach of fiduciary duties by, among other acts, facilitating the conversion of KLEMMING's monies for his own

purpose, failing to freeze or refuse to disburse KLEMMING's monies when so requested, converting KLEMMING's monies, and by failing to act in a commercially reasonable manner.

41. At a direct and proximate result of AOE and KNIFFIN's aiding and abetting, KLEMMING has suffered the above-described damages.

42. KLEMMING is entitled to an award of punitive damages against AOE and KNIFFIN.

WHEREFORE, Plaintiff KLEMMING demands judgment against Defendants AOE and KNIFFIN, jointly and severally, for an award of damages both actual and punitive, together with interest and costs.

### -COUNT II-
### AIDING-AND-ABETTING CONVERSION

Plaintiff KLEMMING sues Defendants AOE and KNIFFIN and states:

43. KLEMMING re-alleges and incorporates paragraphs 1 through 35 as though fully set forth herein.

44. This is an action against AOE and KNIFFIN for aiding and abetting Former Husband's conversion of the Sale Proceeds.

45. Former Husband, as more fully set forth above, converted the Sale Proceeds for his own use and benefit by exercising wrongful dominion and control over same.

46. AOE and KNIFFIN aided and abetted Former Husband's conversion of the Sale Proceeds by, among other acts: facilitating the use of KLEMMING's monies for his own purpose, failing to freeze or reframe from disbursing KLEMMING's monies when demanded to do so by KLEMMING, and by failing to act in a commercially reasonable manner.

47. As a direct and proximate result of AOE and KNIFFIN's aid and abetment, Former Husband was able to commit the tort of conversion over the Sale Proceeds.

48. At a direct and proximate result of AOE and KNIFFIN's aiding and abetting, KLEMMING has suffered the above-described damages.

49. KLEMMING is entitled to an award of punitive damages against AOE and KNIFFIN.

WHEREFORE, Plaintiff KLEMMING demands judgment against Defendants AOE and KNIFFIN, jointly and severally, for an award of damages, both actual and punitive, together with interest and costs.

### Demand for Jury Trial

KLEMMNG demands a trial by jury on all issues so triable by a jury as a matter of right.

Respectfully submitted,

ALDERMAN & KODSI, LLP
*Attorneys for Plaintiff CARINA A. KLEMMING*
9999 NE 2nd Ave, Suite 211
Miami Shores, FL 33138
Ph.: (305) 200-5473
Fax: (305) 200-5474

By: _____
Jason R. Alderman, Esq.
FBN: 0172375
Email: Jalderman@thealdermanlawfirm.com